UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARAH E.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C22-5121-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1979.[1] Plaintiff has at least a high school education and previously worked as an order clerk and a composite job of office manager and accounting clerk. AR 1329. Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI) on January 21, 2016, alleging disability beginning

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

November 27, 2014. AR 1303. The applications were denied at the initial level and on reconsideration. On January 9, 2018, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 39–66. On May 8, 2018, the ALJ issued a decision finding Plaintiff not disabled. AR 12–38. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on October 26, 2018. AR 1–6. Plaintiff appealed the ALJ's decision to the District Court. AR 1481–83. By order dated May 29, 2019, the Court remanded the ALJ's decision for further administrative proceedings. AR 1516–32.

On May 31, 2020, the ALJ held another hearing, at which the ALJ took further testimony from Plaintiff and a VE. AR 1345–1408. On June 10, 2020, the ALJ issued a second decision finding Plaintiff not disabled. AR 1541–68. Plaintiff timely appealed. The Appeals Council assumed jurisdiction of the case on June 9, 2021, and remanded the decision to the ALJ for further administrative proceedings. AR 1569–74.

The ALJ held a third hearing on October 19, 2021, and took further testimony from Plaintiff and a VE. 1409–47. On December 22, 2021, the ALJ issued a third decision finding Plaintiff not disabled. AR 1303–44. The Appeals Council did not assume jurisdiction of the case following the ALJ's 2021 decision. Plaintiff timely appeals this final decision of the Commissioner to this Court. *See* 20 C.F.R. §§ 404.984, 416.1484.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more

than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 1307.

At step two, the ALJ found Plaintiff has the following severe impairments: posttraumatic stress disorder (PTSD), generalized anxiety disorder, major depressive disorder, borderline personality disorder, fibromyalgia, degenerative disc disease cervical spine, benign joint hypermobility, and obesity. AR 1307. The ALJ also found that the record contained evidence of other impairments, including hypertension, hypothyroidism, mild degenerative disc disease of the thoracic spine, tobacco abuse, mild hepatic steatosis, hepatitis C, substance abuse disorder, and right wrist degenerative joint disease. AR 1307. However, the ALJ found that these conditions did not rise to the level of severe. AR 1307.

At step three, the ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 1307–10.

At step four, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

ORDER
PAGE - 3

> [T]he claimant is able to occasionally climb ramps or stairs, but never ladders, ropes, or scaffolds. The claimant is able to frequently balance, and occasionally stoop, kneel, crouch, and crawl. The claimant is able to frequently handle, finger, and feel bilaterally. The claimant is able to perform work that allows her to avoid concentrated exposure to hazards, as defined by the Dictionary of Occupational Titles. She is able to perform simple, routine tasks. The claimant is able to perform work that does not require contact with the public. She is able to have occasional, superficial contact with co-workers, and nothing involving team tasks.

AR 1310. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 1329.

At step five, the ALJ found that Plaintiff retains the capacity to make an adjustment to work that exists in significant levels in the national economy. AR 1331. With the assistance of a VE, the ALJ found Plaintiff capable of performing the requirements of representative occupations, such as hotel/motel housekeeper, hand packer inspector, and small parts assembler. AR 1330–31.

Plaintiff raises the following issues on appeal: (1) Whether the ALJ properly rejected the mental limitations identified by Plaintiff's examining psychologists and treating therapists; (2) whether the ALJ properly rejected Plaintiff's symptom testimony; and (3) whether the ALJ properly rejected the lay witness testimony. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

1. **Medical Opinions**

The regulations applicable to Plaintiff's case require the ALJ to weigh medical opinions regardless of the source. 20 C.F.R. §§ 404.1527(c), 416.927(c). Under these regulations, the ALJ is required to give "controlling weight" to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the

other substantial evidence in [claimant's] case record."[2] *Id*. §§ 404.1527(c)(2), 416.927(c)(2). More weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight should be given to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830–31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A.  Dr. Samantha Artherholt, Ph.D.

Dr. Artherholt evaluated Plaintiff on February 15, 2015. AR 503–07. Dr. Artherholt opined that Plaintiff would be "quite limited" in social interaction, that Plaintiff's anxiety and panic disorder would interfere with a job and interacting with the public and supervisors, that Plaintiff would be slow to follow instructions and learn new tasks, and that Plaintiff "would require accommodations due to her anxiety and difficulty with concentration." AR 507. The doctor further opined that Plaintiff would be unable to complete a normal workday or work week due to her mental health symptoms. AR 507.

In deciding the weight to give to any medical opinion, the ALJ considers factors such as

---

[2] In 2017, the Social Security Administration amended its regulations and removed the "controlling weight" requirement for all applications filed after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c (2017). Because Plaintiff's claim was filed before March 27, 2017, the new rules are not applicable to Plaintiff's case.

ORDER
PAGE - 5

the examining relationship, the treatment relationship, supportability, consistency, specialization, and other factors which tend to support or contradict the opinion, including the source's understanding of the agency's disability program and evidentiary requirements, and the source's familiarity with the case record. 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ afforded Dr. Artherholt's opinion little weight. AR 1320. The ALJ found that subsequent records noted improvement and stability after Plaintiff started regular treatment, that Dr. Artherholt's opinion was inconsistent with Plaintiff's "relatively intact mental status exam," and that the doctor's opinion was inconsistent with evidence of Plaintiff's activities of daily living. AR 1320–21.

Plaintiff argues that the ALJ improperly rejected Dr. Artherholt's opinion by finding that Plaintiff's mental status exam was relatively intact. Dkt. 12, at 6. An ALJ may reject a medical opinion if that opinion is inadequately supported by clinical findings. *See Thomas*, 278 F.3d at 957. During the examination, Dr. Artherholt observed that Plaintiff had a well-groomed appearance, cooperative behavior, no evidence of delusions or hallucinations, and normal speech; was oriented as to date, location, and purpose; had good remote memory and fund of knowledge; was able to spell the word "world" forward and backward correctly and to follow a three-step command without any trouble; and had no difficulty following conversation. AR 505. Although Dr. Artherholt noted that Plaintiff had a flat affect, somewhat impaired recent memory, and "struggle[d] somewhat with the serial seven tasks," the doctor nevertheless concluded that Plaintiff had good reasoning, understanding, and memory; and fair sustained concentration, persistence, and adaptation skills. AR 507. These findings are reasonably inconsistent with the doctor's assessment that Plaintiff would be slow to follow instructions and learn new tasks and would have difficulty with concentration. AR 1320. Therefore, substantial evidence supports the ALJ's finding that Dr. Artherholt's opinion was inconsistent with the doctor's examination findings, and Plaintiff

PAGE - 6

has not shown that the ALJ erred in evaluating Dr. Artherholt's opinion.

Plaintiff argues that the ALJ improperly rejected Dr. Artherholt's opinion based on finding that Plaintiff improved with treatment. Dkt. 12, at 6–7. "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Here, the evidence does not show that treatment successfully relieved Plaintiff's mental health symptoms. The ALJ cited to medical records between March 20, 2015, and March 22, 2015, in which Plaintiff sought emergency crisis care for "persistent thoughts of self harm." AR 510. Although Plaintiff reported feeling better after seeking crisis care, there is no indication in the medical records that Plaintiff's symptoms were successfully relieved. *See* AR 508–17. Similarly, the mental health treatment progress notes and medical records cited by the ALJ show that the severity of Plaintiff's mental health symptoms fluctuated during the relevant period with counseling and medication but do not reasonably show that Plaintiff's symptoms were successfully relieved. *See* AR 519–33, 537, 542–43, 549, 556, 675, 721–44; *see also Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."). Therefore, the ALJ did not properly discount Dr. Artherholt's opinion by finding that Plaintiff's mental health symptoms improved with treatment.

Plaintiff argues that the ALJ improperly discounted Dr. Artherholt's opinion by finding it inconsistent with evidence of Plaintiff's activities. Dkt. 12, at 8. An ALJ may reject a physician's opinion that is inconsistent with the claimant's level of activity. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The ALJ found that Dr. Artherholt's opinion was inconsistent with

ORDER
PAGE - 7

therapy records noting that Plaintiff was able to drive to see a friend, shop in a store without anxiety, and attend church with a neighbor. AR 1321; *see also* AR 723, 732–34, 739, 741. Plaintiff further reported that she is able to go grocery shopping once or twice a month, attend church weekly, and perform social activities both online and by sitting and talking. AR 1308, 1321; *see also* AR 367, 389, 435–36, 506. Although Plaintiff's therapy records note that Plaintiff's anxiety returned on an occasion after she went to the store, *see* AR 739, Plaintiff's reported activities throughout the longitudinal record are reasonably inconsistent with Dr. Artherholt's opinion that Plaintiff would have marked limitations in her ability to interact socially, with the public, and with supervisors. AR 507. Therefore, the ALJ reasonably discounted Dr. Artherholt's opinion by finding it inconsistent with evidence of Plaintiff's activities.

Although the ALJ erred by finding Dr. Artherholt's opinion inconsistent with evidence of Plaintiff's mental health symptoms improving with treatment, this error was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'" (citation omitted)), *superseded by regulation on other grounds*. As discussed above, the ALJ properly discounted Dr. Artherholt's opinion by finding the opinion inconsistent with and unsupported by the doctor's examination findings and inconsistent with evidence of Plaintiff's activities. Because the ALJ gave other specific and legitimate reasons supported by substantial evidence for discounting Dr. Artherholt's opinion, the ALJ's error in finding the opinion inconsistent with evidence of Plaintiff improving with treatment is harmless.

B. <u>Dr. Kimberly Wheeler, Ph.D.</u>

Dr. Wheeler examined Plaintiff on November 5, 2015. AR 586–90. Dr. Wheeler assessed Plaintiff with marked limitations in Plaintiff's ability to understand, remember, and persist in tasks

by following detailed instructions; to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; to communicate and perform effectively in a work setting; and to complete a normal workday and work week without interruptions from psychologically based symptoms. AR 588.

The ALJ afforded partial weight to Dr. Wheeler's opinion. AR 1321. The ALJ found that Dr. Wheeler's marked limitations "appear to be largely based on the claimant's self-reports, which are not wholly consistent with the contemporaneous medical evidence of record, nor with her own mental status examination of the claimant." AR 1321. The ALJ further found that Dr. Wheeler's opinion was inconsistent with evidence of Plaintiff showing significant improvement following medication changes and evidence that Plaintiff endorsed improvement in her overall functioning after beginning to engage in regular mental health treatment around October 2017. AR 1321.

Plaintiff argues that the ALJ erred by finding that Dr. Wheeler's assessment of marked limitations was largely based on Plaintiff's self-reports. Dkt. 12, at 9. "An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation omitted). Dr. Wheeler noted that, during the examination, Plaintiff was well-dressed with good hygiene, articulate, and compliant with questions; had normal affect; was organized and goal-directed; had intact orientation, perception, memory, fund of knowledge, abstract thought, and insight and judgment; and correctly spelled "world" backwards. AR 589–90. Although Dr. Wheeler noted that Plaintiff presented with anxious and dysphoric mood and had some trouble with counting, the doctor's overall clinical findings are reasonably inconsistent with the doctor's marked limitations in areas involving Plaintiff's ability to understand, remember, and persist in tasks following detailed instructions, maintain attendance, communicate and perform effectively

ORDER
PAGE - 9

in a work setting, and complete a normal workday and work week without interruption from her mental health symptoms. Further, in describing the severity and frequency of Plaintiff's symptoms affecting Plaintiff's ability to work, Dr. Wheeler directly quoted Plaintiff's own descriptions of her symptoms. *See* AR 587. As discussed below, the ALJ properly discounted Plaintiff's self-reported symptoms. Therefore, the ALJ properly discounted Dr. Wheeler's opinion by finding that it was inconsistent with the doctor's examination findings and based more heavily on Plaintiff's properly discounted self-reports.

Plaintiff argues that the ALJ improperly discounted Dr. Wheeler's opinion by finding the opinion inconsistent with evidence that Plaintiff's symptoms improved with treatment. Dkt. 12, at 10. The ALJ cited to select medical records showing that Plaintiff's was making slow and steady progress in therapy and that Plaintiff reported that her medication and therapy had been helping and that she was feeling better. AR 1321 (citing AR 1917, 2059, 2011, 2282, 2287, 2313). However, several other therapy records during the same period note that Plaintiff continued to experience limited functioning and anxiety despite ongoing therapy, that Plaintiff often made little to no progress toward her treatment goals, and that Plaintiff reported that she continued to struggle with anxiety and going out in public. *See, e.g.*, AR 2066–78, 2082–88, 2109, 2297, 2303, 2318. Because Plaintiff's therapy records show that Plaintiff's mental health symptoms waxed and waned during the relevant period despite treatment and medication, the ALJ did not reasonably find that these records were inconsistent with Dr. Wheeler's assessment of marked limitations. *See Garrison*, 759 F.3d at 1017. Nevertheless, the ALJ's error was harmless because, as discussed above, the ALJ gave a specific and legitimate reason supported by substantial evidence for discounting Dr. Wheeler's opinion by finding the doctor's opinion inconsistent with the doctor's clinical findings. *See Molina*, 674 F.3d at 1115 (an ALJ's error may be deemed harmless where it

ORDER
PAGE - 10

is "'inconsequential to the ultimate nondisability determination'" (citation omitted)).

C. Plaintiff's Therapists

Social security regulations applicable to Plaintiff claims distinguish between opinions coming from "acceptable medical sources" and "other sources." [3] *Gomez v. Chater*, 74 F.3d 967, 970–71 (9th Cir. 1996). Acceptable medical sources include licensed physicians and psychologists, while other non-specified medical providers are considered "other sources." 20 C.F.R. §§ 404.1502, 404.1513, 416.902, 415.913; Social Security Ruling (SSR) 06-03p. Less weight may be assigned to the opinions of other sources; however, the ALJ's decision should reflect consideration of such opinions, and the ALJ may discount the evidence by providing reasons germane to each source. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996); *see also Molina*, 674 F.3d 1104 at 1111. With these regulations and considerations in mind, the Court proceeds to its analysis of opinions from other sources in this case.

a. April Godsey, M.A.

Ms. Godsey provided a written statement dated December 27, 2017, in which the counselor opined that, "[w]hile [Plaintiff's] PTSD and anxiety symptoms improved with therapy and medication, they have not abated to a point where she would be considered employable." AR 1297. Ms. Godsey further opined that "[t]he day-to-day stresses of social interaction on a job, as well as [Plaintiff's] PTSD-related symptoms make it unlikely that she will be able to hold a job in the near future." AR 1297–98.

The ALJ afforded Ms. Godsey's opinion little weight. AR 1322. The ALJ found that the counselor's opinion was "based wholly on the claimant's subjective complaints." AR 1322. The

---

[3] The Social Security Administration rescinded SSR 06-3p effective March 27, 2017. Because Plaintiff filed her applications before that date, SSR 06-3p still applies to Plaintiff's claims. 82 Fed. Reg. 15263, 15263 (March 27, 2017).

ORDER
PAGE - 11

ALJ further found that "[t]he counselor offered no specific functional limitations" and that the counselor's opinion was inconsistent with her own treatment notes and with Plaintiff's more recent mental status examinations. AR 1322.

Plaintiff argues that the ALJ improperly rejected Ms. Godsey's opinion by finding that the counselor's opinion was based wholly on Plaintiff's subjective complaints. Dkt. 12, at 12. Plaintiff further argues that the ALJ improperly found that Ms. Godsey's opinion was inconsistent with the counselor's treatment notes. *Id.* at 12–13. The Court finds that any error in the ALJ's evaluation of Ms. Godsey's opinion would be harmless because Ms. Godsey did not assess any specific limitations regarding Plaintiff's ability to perform basic work activities. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (where physician's report did not assign any specific limitations or opinions in relation to an ability to work "the ALJ did not need to provide 'clear and convincing reasons' for rejecting [the] report because the ALJ did not reject any of [the provider's] conclusions."). Rather, Ms. Godsey's statements that Plaintiff's symptoms "have not abated to a point where she would be considered employable" and "make it unlikely that she will be able to hold a job in the near future" refer to Plaintiff's ability to work, which is an issue reserved for the Commissioner's determination, and, therefore, are not entitled to deference.[4] *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

---

[4] Plaintiff argues that this case is similar to *Hill v. Astrue*, 689 F.3d 1153 (9th Cir. 2012), in which the Ninth Circuit held that the ALJ improperly failed to consider the opinion of an examining psychologist who opined that the claimant's "combination of mental and medical problems makes *the likelihood of sustained full time competitive employment unlikely.*" *Id.* at 1159 (emphasis in original); Dkt. 12, at 14–15. This case is distinguishable from *Hill*. The ALJ in *Hill* did not assign any degree of weight to the examining psychologist's opinion and gave no reason for not doing so. *Hill*, 698 F.3d at 1160. The Ninth Circuit held that it was not harmless error for the ALJ to give no consideration to the examining psychologist's opinion. *Id.* Here, the ALJ did not ignore or fail to consider Ms. Godsey's opinion; rather, the ALJ explained why it was afforded little weight.

ORDER
PAGE - 12

      b. Cassandra Nichols and Janeen Hook, LMHC

  Ms. Nichols, Plaintiff's mental health counselor, provided a medical source assessment dated March 13, 2020, in which the counselor assessed Plaintiff with generally moderate to marked limitations in Plaintiff's ability to understand, remember, or apply information; marked to extreme limitations in Plaintiff's ability to interact with others; mostly extreme limitations in Plaintiff's ability to concentrate, persist, or maintain pace; and mostly marked limitations in Plaintiff's ability to adapt or mange oneself.  AR 2465–67. On October 5, 2021, Ms. Hook, another mental health counselor, provided a medical source assessment assessing Plaintiff with substantially the same limitations as assessed by Ms. Nichols. AR 2697–99. Ms. Nichols and Ms. Hook opined that Plaintiff's functional limitations would "persist despite compliance with prescribed treatment" and that, due to Plaintiff's impairments, it would be extremely difficult and impossible or not beneficial for Plaintiff to maintain any employment. AR 2462–63, 2700–01.

  The ALJ afforded little weight to the opinions of Ms. Nichols and Ms. Hook. AR 1322–23. The ALJ found that the counselors failed to cite any clinical findings in support of their opinions, that Ms. Nichols' opinion appeared to be largely based on Plaintiff's self-reports, and that the counselors' opinions were inconsistent with their therapy notes and other findings in the record indicating stable mood, controlled anxiety, and largely intact and unremarkable mental status findings. AR 1322–23.

  Plaintiff argues that the ALJ improperly discounted the opinions of Ms. Nichols and Ms. Hook by "cherry-picking" the record and skipping over the parts of the record that supported the counselor's opinions. Dkt. 12, at 15. As discussed in the previous sections, Plaintiff's therapy records indicate that Plaintiff's symptoms waxed and waned throughout treatment. *See, e.g.*, AR 519–33, 537, 542–43, 549, 556, 675, 721–44. Accordingly, the ALJ did not properly finding

ORDER
PAGE - 13

Ms. Nichols and Ms. Hook's opinions inconsistent with evidence of intact mental status exams, stable mood, and controlled anxiety. *See Garrison*, 759 F.3d at 1017. Nevertheless, the ALJ's error was harmless because the ALJ gave other germane reasons for discounting Ms. Nichols and Ms. Hook's opinions, including by finding that the counselors failed to provide any clinical findings to support their assessed limitations, that the opinions appeared to be heavily based on Plaintiff's self-reports, and that the opinions were inconsistent with the providers' treatment records and other evidence of record.[5] *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); *see also Tommasetti*, 533 F.3d at 1041 ("An ALJ may reject a treating [or examining] physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible.").

### 2. Subjective Testimony

Plaintiff contends that the ALJ improperly evaluated Plaintiff's symptom testimony. The ALJ must provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting a claimant's subjective symptom testimony.[6] *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack

---

[5] Plaintiff does not challenge the ALJ's other reasons for discounting Ms. Nichols and Ms. Hook's opinions.

[6] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that she cannot work because her PTSD, anxiety, and depression make working with others extremely difficult, that she cannot act rationally upon confrontation, and that she misses too many days from her inability to leave the house. AR 432. Plaintiff testified that she often cannot leave the house due to her anxiety and PTSD and that she tries to keep away from people, which triggers her. AR 1372. Plaintiff further alleges that, due to her fibromyalgia, she cannot sit or stand for long and physical activities result in pain that lasts for three or more days. AR 432, 1368. Plaintiff alleges that her impairments affect her ability to lift, squat, bend, stand, reach, walk, sit, kneel, talk, climb stairs, remember, complete tasks, concentrate, use her hands, and get along with others. AR 437. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." AR 1312.

Plaintiff argues that the ALJ applied the incorrect legal standard by finding that Plaintiff's testimony regarding "the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence." Dkt. 12, at 16 (citing AR 1324). While an ALJ may not reject a claimant's testimony where it lacks support in the record, "the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins*, 261 F.3d at 857. Because the ALJ found Plaintiff's testimony regarding the intensity and severity of her symptoms inconsistent with the medical record, the ALJ applied the correct standard when evaluating Plaintiff's symptom testimony.

Plaintiff next argues that the ALJ improperly discounted Plaintiff's symptom testimony by

ORDER
PAGE - 15

finding it inconsistent with evidence of Plaintiff's activities of daily living. Dkt. 12, at 17. Specifically, Plaintiff argues that evidence of her daily activities "is not a valid reason to discount her testimony that her anxiety and pain prevent her from completing a normal workday, and that she had bad days when she cannot function." *Id.* An ALJ may discount testimony where it is inconsistent with evidence of a claimant's daily activities. *Ahearn v. Saul*, 988 F.3d 1111, 1116–17 (9th Cir. 2021). The ALJ found that Plaintiff reported that she lived independently, had no problem with personal care, took care of animals, prepared meals daily, performed household chores, and maintained hobbies, such as reading, watching movies, video games, and art. AR 1326; *see* AR 433–34. The ALJ further found that Plaintiff reported being able to go outside alone, drive a car, shop in stores, manage her personal finances, spend time with others by talking online and by sitting and talking, go to church weekly, and perform volunteer work for friends at their art gallery. AR 1326. Plaintiff's reported daily activities are reasonably inconsistent with Plaintiff's testimony that she is severely limited in her ability to go outside and interact with others or perform physical activities. Therefore, the ALJ determination that Plaintiff's testimony was inconsistent with evidence of Plaintiff's daily activities was a specific, clear, and convincing reason supported by substantial evidence for discounting Plaintiff's symptom testimony.

### 3. Lay Witness Statements

Plaintiff argues that the ALJ improperly evaluated lay witness statements from Plaintiff's previous employer and Plaintiff's roommate. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Plaintiff's previous employer stated that Plaintiff's health began to decline a couple of

ORDER
PAGE - 16

years prior to her split with the company and that Plaintiff showed a decline in physical activities, needed to wear a hand brace, was unable to run a keyboard, and could not fulfill specific job duties, such as trade show attendance, bookkeeping, accounting, and advertisement. AR 483. The employer further stated that Plaintiff was frequently absent or tardy due to her conditions. AR 483.

Plaintiff's roommate stated that Plaintiff's impairments make it difficult for Plaintiff to perform simple daily tasks and activities, such as bathing her dog, doing laundry, meal prep, and simple cleaning, which activities cause Plaintiff to become bedridden for two to three days. AR 395, 440–47, 1886–93. Plaintiff's roommate further stated that standing for more than 20 minutes causes Plaintiff to have lower back pain and that Plaintiff's impairments affect her ability to lift, squat, bend, reach, walk, kneel, climb stairs, remember, concentrate, understand, use hands, and get along with others. AR 395, 440–47, 1886–93.

The ALJ found that the lay witness statements "are generally supportive of the claimant's allegations" but that the lay statements "do not establish that the claimant is disabled" because the lay witnesses are not medically trained and because the lay witness statements, "like the claimant's allegations, are simply not consistent with the preponderance of the opinions and observations by medical doctors in this case." AR 1326.

Plaintiff argues that the ALJ improperly discounted the lay witness statements by observing that the witnesses are not medical witnesses. Dkt. 12, at 18. Plaintiff further argues that the lay witness statements are consistent with the medical opinions of Dr. Wheeler, Dr. Artherholt, and Plaintiff's therapist. *Id.* at 19. To the extent that the ALJ rejected the lay witness statements based on the witnesses' lack of medical training, this was error. *See Lewis*, 236 F.3d at 511 (lay witness testimony is competent evidence). However, the ALJ gave other reasons for discounting the lay witness statements, including that the lay witness statements were inconsistent with the medical

opinions of record. Inconsistency between the lay testimony and the medical record is a germane reason for discrediting lay testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Further, any error in the ALJ's evaluation of the lay witness statements in this matter would be harmless because the lay witness statements identified limitations that were substantially similar to the limitations identified in Plaintiff's symptom testimony, which, as discussed above, the ALJ properly discounted. *See Molina*, 674 F.3d at 1117 ("Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony"). Therefore, Plaintiff has not shown that the ALJ erred in considering the lay witness testimony.

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 19th day of September, 2022.

_____
MARY ALICE THEILER
United States Magistrate Judge